J-S09038-19
J-S09039-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JUSTIN CORY SPENCE, | : | |
| | : | |
| Appellant | : | No. 1325 WDA 2018 |

Appeal from the Judgment of Sentence Entered May 7, 2018
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0003620-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JUSTIN C. SPENCE, | : | |
| | : | |
| Appellant | : | No. 1326 WDA 2018 |

Appeal from the Judgment of Sentence Entered May 7, 2018
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000838-2013

BEFORE:   PANELLA, P.J., LAZARUS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:                    FILED MAY 13, 2019

Justin Cory Spence (Appellant) appeals from the May 7, 2018

judgments of sentence entered following the revocation of his probation at

_____

* Retired Senior Judge assigned to the Superior Court.

docket numbers CP-25-CR-0000838-2013 (838-2013) and CP-25-CR-00003620-2016 (3620-2016).[1]  In each appeal, Appellant's counsel has filed a petition to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009).  We affirm the judgments of sentence and grant counsel's petitions to withdraw.

We glean the following facts from the record.  Appellant pleaded guilty on July 5, 2013, to a misdemeanor charge of terroristic threats at docket number 838-2013.  On September 11, 2013, he was sentenced to a term of 4 to 12 months of incarceration, followed by 4 years of probation, and Appellant was paroled shortly thereafter.  On April 22, 2015, Appellant's parole and probation were revoked, and he was resentenced to a term of 4 to 23 months of incarceration with credit for time served, followed by two years of probation.  He was paroled on July 9, 2015.  On June 10, 2016, Appellant's parole and probation were revoked, and he was re-committed to the Erie County Prison with credit for time served, followed by two years of probation.  On July 15, 2016, Appellant was permitted to be transferred to

_____

[1] Appellant filed separate appeals at each of the aforementioned docket numbers.  Because these cases are interrelated and the same issue is involved at each appeal, we consolidate the appeals.  Pa.R.A.P. 513 (relating to consolidation of multiple appeals); see, e.g., In the Interest of H.J., __ A.3d __, 2019 WL 1030748 at *1 (Pa. Super. filed Mar. 5, 2019) (consolidating appeals pursuant to Pa.R.A.P. 513).

the Erie County Community Corrections Center to find and/or maintain employment. After he was permitted to leave temporarily on August 11, 2016, Appellant did not return to the Erie County Community Corrections Center until October 18, 2016. Appellant was then charged with escape at docket number 3620-2016. On June 12, 2017, Appellant pleaded guilty to escape and was sentenced to 7 months and 15 days to 23 months and 15 days of incarceration, followed by two years of probation. Appellant received credit for time served and was paroled that same day.

On May 7, 2018, Appellant appeared for a parole/probation revocation hearing relating to both docket numbers 838-2013 and 3620-2016. Appellant admitted to violating conditions of his probation. N.T., 5/7/2018, at 8-9. Specifically, he violated a condition of probation to attend and complete successfully any educational, vocational, or therapeutic program offered by a recognized agency when he was administratively discharged on February 11, 2018, from the drug and alcohol inpatient treatment program at Cove Forge Behavioral Health Center in Williamsburg, Pennsylvania. Id. at 8. Further, Appellant violated a condition of his probation by failing to report to his probation/parole officer as directed and supply a truthful and complete report after February 11, 2018. Id. at 9. The trial court revoked Appellant's parole and probation, and resentenced him at docket number 838-2013 to a term of two to four years of incarceration with credit for time served, and at docket number 3620-2016

to a term of three to six years of incarceration with credit for time served. Id. at 19-20.

These appeals followed.[2]  The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement, and in lieu thereof, on September 24, 2018, counsel for Appellant filed a statement of intent to file an Anders brief.  See Pa.R.A.P. 1925(c)(4).  The trial court declined to file a responsive opinion, citing counsel's notice of intent to file an Anders brief.  See Order 9/27/2018 (citing Commonwealth v. McBride, 957 A.2d 752, 758 (Pa. Super. 2008)).

In each appeal, Appellant's counsel filed both an Anders brief and a petition to withdraw as counsel.  Accordingly, the following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under Anders
> must file a petition averring that, after a conscientious

_____

[2] On June 7, 2018, Appellant filed a single notice of appeal relating to two trial court docket numbers: 838-2013 and 3620-2016.  The appeal was docketed with this Court at docket number 846 WDA 2018.  On July 24, 2018, Appellant filed separate amended notices of appeal relating to each trial court docket number in an attempt to comply with Commonwealth v. Walker, 185 A.3d 969, 977 (Pa. Super. 2018) (holding prospectively that Pa.R.A.P. 341(a) mandates that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case" and "the failure to do so requires the appellate court to quash the appeal").  On August 15, 2018, this Court quashed the appeal as untimely filed.  Appellant sought reinstatement of his appellate rights nunc pro tunc at both docket numbers 838-2013 and 3620-2016, which the trial court granted by order dated August 24, 2018.  Thereafter, Appellant timely filed separate notices of appeal from the August 24, 2018 order.

examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an Anders brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof....

Anders counsel must also provide a copy of the Anders petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of Anders, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with Anders or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy Anders, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

Commonwealth v. Wrecks, 931 A.2d 717, 720-21 (Pa. Super. 2007)

(citations omitted). Our Supreme Court has clarified portions of the Anders

procedure:

[I]n the Anders brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Santiago, 978 A.2d at 361.

Based upon our examination of counsel's petitions to withdraw and Anders briefs,[3] we conclude that counsel has complied substantially with the technical requirements set forth above.[4]  Therefore, we now have the responsibility "'to make a full examination of the proceedings and make an independent judgment to decide whether the appeal[s are] in fact wholly frivolous.'"  Commonwealth v. Flowers, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting Santiago, 978 A.2d at 354 n.5).

In each appeal, Appellant's counsel presents the following issue of arguable merit:  "[w]hether the re-sentence of the trial court is manifestly excessive, unreasonable and inconsistent with the objectives of the sentencing guidelines."  Anders Briefs at 3 (capitalization altered).  Because this issue involves a challenge to the discretionary aspects of Appellant's sentence, we bear in mind the following.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion.  In this context, an abuse of discretion is not shown merely by an error in judgment.  Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

* * *

_____

[3] At each docket number, the petition to withdraw and Anders brief are substantially the same.

[4] Appellant has not filed a response to counsel's petitions.

When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

Commonwealth v. Antidormi, 84 A.3d 736, 760-61 (Pa. Super. 2014)

(internal citations and quotation marks omitted).

An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

(1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

Commonwealth v. Samuel, 102 A.3d 1001, 1006-07 (Pa. Super. 2014)

(some citations omitted).

Here, Appellant timely filed notices of appeal. However, our review of the records at docket numbers 838-2013 and 3620-2016 reveals that Appellant did not properly preserve this issue at sentencing or by filing a

post-sentence motion.[5]  Accordingly, Appellant has not preserved this issue for our review, and he is not entitled to relief.  See Commonwealth v. Rhoades, 8 A.3d 912, 915 (Pa. Super. 2010) (stating that an appellant waives for appeal issues challenging the discretionary aspects of his sentence where he does not raise them at sentencing or in a post-sentence motion).

Based upon the foregoing, we agree with counsel that a challenge to the discretionary aspects of Appellant's sentence is frivolous.  Moreover, we have conducted "a full examination of the proceedings" and conclude that the appeals are "in fact wholly frivolous."  Flowers, 113 A.3d at 1248.  Accordingly, we affirm the judgments of sentence and grant counsel's petitions to withdraw.

_____

[5] On May 23, 2018 and June 1, 2018, despite being represented by counsel, Appellant filed two pro se letters which, inter alia, asked the court to reconsider his sentence.  The letters were docketed and forwarded to Appellant's counsel pursuant to Pa.R.Crim.P. 576(A)(4).  No further action was taken.  See Pa.R.Crim.P. cmt. ("The requirement that the clerk time stamp and make docket entries of the filings in these cases only serves to provide a record of the filing, and does not trigger any deadline nor require any response.").  Because hybrid representation is not permitted, these letters constituted legal nullities.  Commonwealth v. Nischan, 928 A.2d 349, 355 (Pa. Super. 2007)("Appellant had no right to file a pro se motion because he was represented by counsel.  This means that his pro se post-sentence motion was a nullity, having no legal effect.") (citations omitted).  Counsel did not file a post-sentence motion at either docket number 838-2013 or 3620-2016.

Appeals consolidated.  Judgments of sentence affirmed.  Petitions to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  5/13/2019